UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH MORGESON,

      Plaintiff,

  v.

JONATHAN FREEMAN,

      Defendant.

Case No. 1:23-cv-269

JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

Plaintiff Joseph Morgeson and Defendant Jonathan Freeman are before the Court because of a dispute over Freeman's alleged failure to pay Morgeson all he is owed. Just like their business relationship gone awry, this case has its own rocky start: Freeman believes he was not properly served, while Morgeson retorts that Freeman has been ducking service and that any delay is therefore not Morgeson's fault. There are presently four motions for the Court to resolve: Freeman's Motion to Dismiss for Insufficient Service of Process Pursuant to Fed.R.Civ.P. 12 (b)(5), Failure to State a Claim Upon Which Relief can be Granted Pursuant to Fed.R.Civ.P 12 (b)(6) (Doc. 9), his alternate Motion for an Extension of Time to Answer or Otherwise Plead Pursuant to Fed.R.Civ.P. 6 (Doc. 9), his Motion to Set Aside Entry of Default (Doc. 10), and Morgeson's Motion to Strike (Doc. 12).

As explained below, the Court finds that it need not wade into the parties' thorny disputes about either the validity of service of process or the merits of the claims. That is because Morgeson fails to establish this Court has subject-matter jurisdiction over the dispute. His sole jurisdictional hook is a claim under the Fair

Labor Standards Act (FLSA). But taking the non-conclusory allegations in the Complaint as true, that claim "is plainly unsubstantial." *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105 (1933). He properly alleged only that he was Freeman's *partner*, not his employee. And that matters because the FLSA does not apply to a partner's wage claims against his partnership. Because the FLSA claim is "plainly unsubstantial," it does not give rise to federal-question jurisdiction, and because that was the sole jurisdictional basis for this suit, the Court must dismiss the action without prejudice for want of subject-matter jurisdiction.

Given the Court's independent determination that dismissal is warranted, the Court **DENIES AS MOOT** both Freeman's Motion to Dismiss for Insufficient Service of Process Pursuant to Fed.R.Civ.P. 12 (b)(5), Failure to State a Claim Upon Which Relief can be Granted Pursuant to Fed.R.Civ.P 12 (b)(6) (Doc. 9) and his Motion for an Extension of Time to Answer or Otherwise Plead Pursuant to Fed.R.Civ.P. 6 (Doc. 9), as well as Morgeson's Motion to Strike (Doc. 12). And because the Court lacks the authority to take any action with respect to the cause, it **GRANTS** Freeman's Motion to Set Aside Entry of Default (Doc. 10), **VACATES** the Entry of Default (Doc. 7), and **DISMISSES** the action **WITHOUT PREJUDICE**.

## BACKGROUND[1]

Morgeson and Freeman "agreed to become partners … in a business acting as a subcontracted installer for McCormick Equipment, Co." that they named Patriot

---

[1] As this matter comes before the Court on a motion to dismiss, it must accept the well-pleaded allegations in the Complaint as true. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But in reporting the background here based on those allegations, the Court reminds the reader that they are just that—allegations.

2

Rods, LLC. (Compl., Doc. 1 ¶¶ 12–13, #2–3). Freeman assumed the role of managing partner as he was the primary contact for McCormick and was "responsib[le] for invoicing and [the] acceptance of payment." (*Id.* ¶ 15, #3). McCormick "assigned jobs to the Partnership and provided the materials," and "[t]he Partnership then provided the labor to conduct the installation." (*Id.* ¶¶ 17–18, #3). Even though Freeman was the managing partner, Morgeson agreed to "split the profits as well as any losses"— a profit-sharing agreement that was understood and confirmed by Freeman in text messages sent to Morgeson. (*Id.* ¶¶ 19, 22, #3). Morgeson was paid $12,000 in profits for the allegedly $63,000 McCormick job. (*Id.* ¶¶ 23–25, #3). Although Freeman paid Morgeson an additional $3,000, Morgeson alleges this money was reimbursement for a down payment on a truck Freeman never delivered. (*Id.* ¶ 25, #3). And Morgeson alleges he has not been repaid a $3,000 loan he made to Freeman to finance the purchase of a new residence, (*id.* ¶ 26, #4)—though it is unclear what this financing has to do with the partnership. All told, Morgeson believes he is owed a minimum $25,000 (possibly as an estimate of Morgeson's unpaid share of partnership profits or as monies owed beyond any such profits—the allegations are again unclear). (*Id.* ¶ 27, #4).

Fed up with not being paid, Morgeson sued Freeman on May 4, 2023, raising five state-law claims for breach of contract, breach of fiduciary duty, accounting, unjust enrichment, and a violation of the Ohio Minimum Fair Wage Standards Act (OMFWSA). (Doc. 1, #4–6). The Complaint also raises a single federal count under

3

the FLSA, which is Morgeson's federal jurisdictional hook for this case.[2] (*Id.* ¶¶ 2, 45–49, #1, 6–7). Morgeson then tried—twice—to serve Freeman, failing both times. On each occasion, he attempted service at an Ohio address Freeman had filed with the Secretary of State in connection with his registration of Patriot Rods, LLC. (Doc. 6 ¶¶ 3, 9, #17–18). The first attempt in mid-June 2023 failed because the certified mail was returned as unexecuted on August 10, 2023. (*Id.* ¶¶ 3, 5, 8, #17–18; Doc. 3, #14; Doc. 4, #15). And the second attempt, which occurred on July 10, 2023, failed because Freeman was found "no longer [to] reside[]" at that address. (Doc. 6 ¶ 9, #18). So Morgeson purportedly completed service on Freeman on September 22, 2023, at another address where Freeman supposedly had been seen residing and where he purportedly kept his personal vehicles. (*Id.* ¶¶ 10). According to the process server, the summons and Complaint were left with an unnamed woman at the residence—possibly Freeman's mother—after she called someone "in front of the server," whom the server believed to be Freeman, and who "authorized [the woman] to accept the documents on his behalf." (Doc. 5, #16). Freeman disputes the identity of the woman and that the address where this woman resided was also his residence. (Doc. 10, #39–40, 45). Based on the process server's attestation that service was properly executed, the Clerk set a deadline of October 13, 2023, for Freeman to answer or otherwise to plead.[3] (10/5/23 Set Deadlines Notation).

---

[2] Morgeson's filings acknowledge that both he and Freeman are citizens of Ohio, so the Court would lack subject-matter jurisdiction over the Complaint were Morgeson invoking the Court's diversity jurisdiction. (Doc. 1 ¶¶ 4, 6–7, #2; Doc. 6 ¶¶ 3, 9–11, #17–18).

[3] Morgeson incorrectly calculates this date as October 16, 2023. (Doc. 6 ¶ 12, #18).

4

On October 19, 2023, after Freeman had failed to answer or to make an appearance, Morgeson applied for entry of default against Freeman under Federal Rule of Civil Procedure 55(a). (Doc. 6). The clerk entered default the next day. (Doc. 7). Less than half an hour after the clerk's entry of default, Freeman's counsel entered an appearance and moved to dismiss. (Doc. 9). In his motion, Freeman argued that (1) service of process was improper under Rule 12(b)(5), (*id.* at #24–26), (2) the Complaint must be dismissed because Morgeson, as Freeman's partner, cannot make out a viable FLSA or OMFWSA claim, (*id.* at #27–31), and, in the alternative, (3) the Court should grant Freeman an extension of time to answer or otherwise to plead, (*id.* at #31–32). Then, on November 3, 2023, Freeman moved to vacate the entry of default, in which motion he reiterated arguments from his motion to dismiss and noted that he contests Morgeson's claim that the process servicer's leaving the summons and the Complaint at an unnamed woman's address constituted service sufficient to join Freeman to the suit. (*See* Doc. 10).

On November 10, 2023, Morgeson responded to Freeman's motion to dismiss. (Doc. 11). He argued that (1) Freeman's ducking of service of process meant the service executed was both timely and proper, (2) he raised valid FLSA and OMFWSA claims by alleging he was Freeman's employee, and (3) Freeman has not asserted a valid basis for the Court to grant him an extension of time to answer or otherwise to plead. (*Id.* at #49). In the same motion, Morgeson also moved to strike Freeman's

5

motion to dismiss as barred by the default. (*Id.* at #49–50; Doc. 12).[4] Morgeson did not substantively respond to Freeman's motion to vacate. But he noted that the motion to vacate should have been filed first and that Freeman's request for an extension of time in the motion to vacate improperly sought a second bite at the apple by raising the same arguments from his earlier motion to dismiss. (Doc. 11, #50, 53).

Though Morgeson stated he intended to make arguments "in his response to Defendant's Motion to Set Aside Default," (*id.* at #53), he never filed such a document. And Freeman declined to file a reply in support of his motion to dismiss or to respond to Morgeson's motion to strike. As it has been over four months since any party has filed anything, the time to brief the issues has passed and the motions are ripe for review. *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 935 n.4 (6th Cir. 2004).

## LAW AND ANALYSIS

The motions before the Court raise difficult issues, made all the more difficult by the procedural posture. But one thing leapt out from the parties' papers—the Complaint contains a facial defect with respect to subject-matter jurisdiction. Namely, Freeman's arguments regarding Morgeson's FLSA claim (and Morgeson's response) prompted the Court to look closely at whether that claim raised a substantial federal question, which is required to create federal question jurisdiction. *Levering & Garrigues*, 289 U.S. at 105. And because the Court must independently assess subject-matter jurisdiction at all stages of litigation, even sua sponte, the

---

[4] Because the motion to strike was buried in Morgeson's response to Freeman's motion to dismiss, another docket entry was created for this request. (Doc. 12). This entry is the same document as the original response filed by Morgeson. So the Court will cite the original filing throughout this Opinion and Order.

Court finds this issue constitutes a proper jumping off point for its analysis. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 514 (2006). Moreover, not only does the Court's analysis begin there, it also ends there. Because Morgeson's FLSA claim is plainly unsubstantial, the Court finds subject-matter jurisdiction lacking, and thus must dismiss the action. Accordingly, the Court need not address the motion to strike, service-of-process arguments, the request for an extension of time to plead, or even the motion to set aside the default (vacatur of the entry of default follows as a matter of course when subject-matter jurisdiction is lacking).

**A.     Morgeson's FLSA Claim is Plainly Unsubstantial**

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). That said, a Court may address jurisdictional issues in any order. *Id.* at 431. Here, subject-matter jurisdiction presents the most prominent obstacle to the Court's resolution of the merits.

To see why, the Court begins with some groundwork. In the mine-run of cases, the Court's jurisdiction will be clear either from the identity of the parties or because their claim clearly invokes a particular constitutional or federal statutory right. Certainly, in those cases, there may be factual and legal disputes that could overlap with questions of subject-matter jurisdiction. But when a party plausibly invokes a court's federal subject-matter jurisdiction, it is instructed to accept jurisdiction over the claims and to resolve them on the merits. *Bell v. Hood*, 327 U.S. 678, 683–84

7

(1946) (concluding that a federal court has subject-matter jurisdiction when "the complaint does in fact raise serious questions, both of law and fact, which the district court can decide only after it has assumed jurisdiction over the controversy").

However, the line between the Court's subject-matter jurisdiction and the merits is not always clear cut. This comes into play when a party mentions a federal statute as his jurisdictional hook, even though the party's complaint fails to raise a substantial federal question under that statute. In such a case, federal courts, which have very limited, statutorily specified subject-matter jurisdiction, lack the authority to hear the matter—a party cannot create subject-matter jurisdiction just because he purports to raise a federal question. *Cf. Valinski v. Detroit Edison*, 197 F. App'x 403, 406 (6th Cir. 2006) ("For the Court to exercise jurisdiction because the parties stipulate the case falls under [a federal statute] [] and thereby raises a federal question would impermissibly have parties, rather than courts, deciding the substantive scope of jurisdiction."). As the Supreme Court has long established, "jurisdiction, as distinguished from merits, is wanting where the claim set forth in the pleading is plainly unsubstantial." *Levering & Garrigues*, 289 U.S. at 105 (collecting cases). "And the federal question averred may be plainly unsubstantial either because [it is] obviously without merit, or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." *Id.* (cleaned up) (collecting cases); *accord Wilburn v. United States*, 616

8

F. App'x 848, 852 (6th Cir. 2015) ("The complaint alleges a 'substantial' federal claim when … prior decisions do not inescapably render the claim frivolous." (cleaned up)).

This line of cases applies here. As noted above, Morgeson's purported FLSA claim is the sole jurisdictional hook for the case to be in this Court. *See supra* note 2. And, of course, as the party seeking to invoke this Court's authority, Morgeson bears the burden of proving subject-matter jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). But the Complaint makes clear that this claim is plainly and facially defective, such that there is no valid basis for Morgeson to have invoked the federal statute at all. As Freeman persuasively argues, (Doc. 9, #27–28), the Complaint's non-conclusory allegations make one thing abundantly clear: Morgeson and Freeman established a partnership operating under the name Patriot Rods, LLC. Morgeson alleges as much several times: "[t]his is an action instituted by Plaintiff as a result of Defendant's breach of contract and his fiduciary duty *to split profits from the Parties' partnership*," "Plaintiff and Defendant *agreed to become partners*," "Plaintiff and Defendant *would split the profits as well as any losses*," and "[t]he *Partnership* operated under the name Patriot Rods, LLC." (Doc. 1 ¶¶ 1, 12, 13, 19, #1–3 (emphases added)). And if these plain statements were not enough, Morgeson makes it eminently clear that the business arrangement was a partnership by using the word 'partner' or 'partnership' twenty-two times in the seven-page Complaint in addition to referring to Patriot Rods, LLC, not by its name,

9

but by the shorthand "the Partnership."[5] (*Id.* ¶¶ 1, 6, 12–17, 20–21, 29, 31, 33, 35, 39–40, 42–43, D–E, #1–5, 7).

The Court struggles to imagine a clearer way to allege that Morgeson and Freeman were bona fide general partners, especially given the hallmark of a partnership arrangement is the agreement to engage in a joint enterprise in which there is shared responsibility for profits and losses. *Meehan v. Valentine*, 145 U.S. 611, 618–19 (1892). And federal law clearly and firmly establishes that a bona fide general partner is not an 'employee' who can claim entitlement to the FLSA's protections. *Wheeler v. Hurdman*, 825 F.2d 257, 277 (10th Cir. 1987) (concluding that the FLSA "exclude[es] bona fide general partners from coverage" after exhaustively canvassing "the statute [and its analogues], the legislative history, agency position, and the applicable cases" (cleaned up)); *accord Steelman v. Hirsch*, 473 F.3d 124, 129–30 (4th Cir. 2007); *see Simpson v. Ernst & Young*, 100 F.3d 436, 443–44 (6th Cir. 1996) (agreeing with other circuit courts that partners cannot claim protection under acts designed to protect employees but concluding on the evidentiary record developed that the plaintiff was properly classified as an employee of defendant); *see generally* U.S. Dep't of Labor, *Field Operations Handbook* § 10c01 (last revised Jan. 3, 2017) ("The employment relationship is not considered to exist between a bona fide

---

[5] To be clear, the Court is not suggesting that had Morgeson redrafted the Complaint to refer to Patriot Rods, LLC, only by its name or used the words partner or partnership a couple fewer times, the Court would read the Complaint differently. The well-pleaded *substantive* allegations establish that Morgeson and Freeman created a partnership—most importantly, the agreement to share profits. And this substance compels the Court's reading. Here, the Court is simply underscoring additional details that bolster this conclusion. Morgeson not only has substantively alleged that he entered a partnership with Freeman but has expressly used verbiage throughout the Complaint consonant with that substantive allegation.

10

partnership and the partners of whom it is composed. Such partners are self-employed, since they cannot be said to be employed by an employer separate and distinct from themselves.") [https://perma.cc/AQ2W-494F]. As a result, Morgeson purports to plead an FLSA violation, but without any legal basis to claim an entitlement to protection under that statute. Put differently, "the federal question averred [is] … plainly unsubstantial [] because [it is] obviously without merit, [and] because its unsoundness so clearly results from [] previous [caselaw] … as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." *Levering & Garrigues*, 289 U.S. at 105 (cleaned up). Therefore, the Court lacks subject-matter jurisdiction over this dispute—Morgeson's Complaint raises no substantial federal question for review.

Unsurprisingly, Morgeson does not challenge the caselaw barring bona fide partners from seeking FLSA protection. Instead, Morgeson argues only that he properly pleaded his status as an employee in the alternative. (Doc. 11, #52–53). Morgeson is correct that plaintiffs may generally plead inconsistent legal theories in the alternative. (*Id.* at #52). But there are no non-conclusory allegations in his Complaint that he is an employee. Yes, Morgeson makes a bald-faced assertion to that effect in one paragraph. (Doc. 1 ¶ 5, #2). But that constitutes only an unadorned, conclusory legal conclusion that does not serve as a valid basis for him to claim he was an employee of Patriot Rods, LLC. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The only factual allegation Morgeson cites as support is also of no help. (Doc. 11, #52–53). It states in full: "While providing installation services to McCormick

11

under the contract, Plaintiff routinely worked over forty hours per week." (Doc. 1 ¶ 18, #3). For starters, the Court must read the Complaint as a whole. *Pegram v. Herdrich*, 530 U.S. 211, 230 (2000). And this general allegation that Morgeson worked long hours, when read alongside the other partnership-centric allegations, simply alleges that Morgeson put a lot of effort into the partnership—as partners often do.

In short, the Court acknowledges that in assessing jurisdiction, it must accept the well-pleaded allegations as true and draw all reasonable inferences in Morgeson's favor. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (drawing a parallel between the Rule 12(b)(6) standard and the standard employed to assess the validity of the Court's subject-matter jurisdiction from the face of the Complaint). But here Morgeson has not met his burden of "plead[ing] factual content that [would] allow[] the court to draw the reasonable inference that" he was anything but a partner. *Iqbal*, 556 U.S. at 678. A stray allegation about long hours without additional factual context cannot permit one reasonably to infer that Morgeson was an employee—especially given this allegation admits of an equal, if not stronger, inference to be drawn in favor of concluding that he was a partner. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007) (holding that a mere allegation of parallel economic conduct could not create a reasonable inference of an unlawful agreement in violation of the antitrust laws because it was equally conceivable that the parallel conduct occurred organically in the market absent an antitrust violation).[6]

---

[6] The Court acknowledges that *Iqbal* and *Twombly* are Rule 12(b)(6) cases, not Rule 12(b)(1) cases assessing facial challenges to the Court's subject-matter jurisdiction. But they provide the contours for deciding what constitute the 'reasonable inferences' to which a complaint's

12

Simply, reading the Complaint as a whole gives rise to the unavoidable determination that Morgeson was a partner. And because partners cannot invoke the FLSA, the Complaint's allegations "inescapably render the claim frivolous," *Wilburn*, 616 F. App'x at 852, so it raises no substantial federal question. That in turn means that the FLSA claim cannot serve as the basis for this Court to exercise subject-matter jurisdiction over the suit. But what's left are only a handful of state-law claims and no diversity of the parties' citizenship. In other words, the Court lacks subject-matter jurisdiction over the suit and therefore must dismiss the action without prejudice.[7] *Id.* at 108.

## B.  Motion to Set Aside Entry of Default

That leaves Freeman's Rule 55(c) motion to set aside the clerk's entry of default. "A district court enjoys considerable latitude under the 'good cause shown' standard of Rule 55(c) to grant a defendant relief from a default entry." *Davey v. St. John Health*, 297 F. App'x 466, 472 (6th Cir. 2008). Given a federal court without jurisdiction cannot enter judgment in a case, let alone adjudicate any legal issue raised, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998), vacatur of the entry of default follows as a matter of course from the Court's determination that it lacks subject-matter jurisdiction over this suit. *Golden v. Nat'l Fin. Adjusters*, 555

---

well-pleaded allegations give rise. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). And that inquiry parallels the question the Court must decide in assessing its subject-matter jurisdiction from the face of the Complaint. *See Ohio Nat'l Life Ins.*, 922 F.2d at 325; *see also Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001).

[7] Because the determination that subject-matter jurisdiction is lacking disposes of the case, the Court declines to wade into the legal thicket of Freeman's motion to dismiss, his request for an extension of time, or Morgeson's motion to strike. They will be denied as moot.

13

F. Supp. 42, 45–46 (E.D. Mich. 1982). Accordingly, the Court (necessarily) grants Freeman's motion to vacate and sets aside the clerk's entry of default in this case.

## CONCLUSION

As the old aphorism states, "if something looks like a duck, walks like a duck, and quacks like a duck, then it is probably a duck." *S. Bertram, Inc. v. Citizens Ins. Co. of Am.*, 657 F. App'x 477, 478 (6th Cir. 2016) (quoting *In re Sorah*, 163 F.3d 397, 401 (6th Cir. 1998)). Here, the well-pleaded allegations show that Morgeson "looked, walked, and quacked" like a partner of Patriot Rods, LLC. *Id.* That renders Morgeson's FLSA claim, the only federal claim raised, "plainly unsubstantial." *Levering & Garrigues*, 289 U.S. at 108, thereby depriving this Court of subject-matter jurisdiction. Put simply, this Court is not the proper forum to adjudicate this dispute.

Accordingly, in light of the required dismissal of this cause, the Court **DENIES AS MOOT** both Freeman's Motion to Dismiss for Insufficient Service of Process Pursuant to Fed.R.Civ.P. 12 (b)(5), Failure to State a Claim Upon Which Relief can be Granted Pursuant to Fed.R.Civ.P 12 (b)(6) (Doc. 9) and his Motion for an Extension of Time to Answer or Otherwise Plead Pursuant to Fed.R.Civ.P. 6 (Doc. 9) as well as Morgeson's Motion to Strike (Doc. 12). And because the Court lacks the authority to take any action with respect to the cause, it **GRANTS** Freeman's Motion to Set Aside Entry of Default (Doc. 10), **VACATES** the Entry of Default (Doc. 7), and **DISMISSES** the action **WITHOUT PREJUDICE**.

The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

14

**SO ORDERED.**

April 2, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

15